**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

THOMAS E. RIDGELL
ADC #148599                                                                                           PLAINTIFF

V.                                         5:10CV00359 JMM

SAM POPE,
Judge, Drew County, Arkansas, et al.                                                     DEFENDANTS

**ORDER OF DISMISSAL**

Plaintiff, Thomas E. Ridgell, who is a convicted prisoner in the Miller County Correctional Facility, has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *See* docket entry #1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case will be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

Although it is unclear, it appears that Plaintiff is alleging that Defendants Drew County

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).
   The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

Judge Sam Pope, Prosecuting Attorney Franklin Spain, Probation Officer Scott McDonald, Chief Mark Gober, and Attorney Sarah Sawyer violated his *unspecified* constitutional rights when they wrongfully revoked Plaintiff's probation and convicted him of breaking and entering.[2] *See* docket entry #1.  By way of relief, Plaintiff seeks monetary damages and the reversal of his criminal conviction. *Id.* at 4.

It is well settled that a prisoner cannot obtain the reversal of his criminal conviction in a § 1983 action. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Instead, to obtain such relief, a prisoner must exhaust all of his available remedies in state court, and then file a federal habeas action. *See* 28 U.S.C. § 2254. Similarly, Plaintiff cannot obtain monetary damages until his criminal conviction has been reversed by the highest state court or a federal habeas court. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

Thus, Plaintiff must first raise the constitutional challenges to his criminal conviction in state court by filing and exhausting his avenues for direct appeal and post-conviction relief. After Plaintiff has properly and fully exhausted all of those state remedies, he may file a § 2254 habeas petition in federal court. Only if Plaintiff's conviction is reversed in either state court or in a federal habeas case, may he file a § 1983 claim for monetary damages.[3]

IT IS THEREFORE ORDERED THAT:

---

[2] On November 8, 2010, Plaintiff was sentenced, in Drew County, to thirty-six months in prison for breaking and entering. *See* ADC website at www.adc.arkansas.gov. Although he is currently confined in the Miller County Correctional Facility, he is waiting to be transported to the Arkansas Department of Corrections *Id.* Because Drew County is within the Eastern District of Arkansas, this Court has subject matter jurisdiction over this § 1983 action.

[3] Plaintiff also alleges that his wife, Ms. Angela Perry, "defamed" him. *See* docket entry #1. However, he has not named her as a Defendant in this action. More importantly, defamation is a tort claim that should be raised in state court.

1.	This case is DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.	Dismissal of this action CONSTITUTES a "strike," as defined by 28 U.S.C. § 1915(g).

3.	The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 2nd day of February, 2011.

                                                                          _____
                                                                          UNITED STATES DISTRICT JUDGE